UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIELIN SESSIONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY HEALTH AND SOCIAL SERVICES, et al.,<br><br>　　　　Defendants. | No. 2:25-cv-2936-DAD-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff Perrielin Sessions proceeding without counsel brings claims against Solano County Health and Social Services and various individual defendants related to the removal of plaintiff's minor child from her custody in 2022 and subsequent events. (ECF No. 1.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). Plaintiff's renewed application to proceed in forma pauperis ("IFP") is before the court. (ECF No. 4.)

　　　　To commence a civil action, a plaintiff must ordinarily pay the court costs which currently consist of a $350.00 filing fee and $55.00 administrative fee. The court may authorize commencement of a civil action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebee's, 787 F.3d 1226, 1234 (9th Cir. 2015)

1

(citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

Plaintiff's affidavit does not demonstrate she was unable to pay court costs and still afford the necessities of life when she filed this suit. The court recognizes plaintiff reported not having any money in cash or in a checking or savings account and general expenses that utilize all of her income. (ECF No. 4 at 2.) However, the court also considers the amount of plaintiff's gross and take-home pay. Plaintiff reports receiving $1,651.48 in gross pay and $1,355.45 in take-home pay bi-weekly. (Id. at 1.)

Courts may look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating in forma pauperis applications. E.g., Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 n.5 (11th Cir. 2004). The HHS poverty guideline for a one-person household in 2025 is $15,650 and for a two-person household in 2025 is $21,150. See https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines. Plaintiff's gross employment income totals $42,938.48, which is more than two and a half times the poverty guideline level for a one-person household and more than two times the poverty guideline for a two-person household.[1] Considering plaintiff's employment income, the information in the IFP application is inconsistent with a finding of poverty. See, e.g., Moreno on behalf of A.J.M. v. Comm'r of Soc. Sec., No. 1:24-CV-01540-BAM, 2025 WL 394666, at *1 (E.D. Cal. Jan. 27, 2025), report and recommendation adopted sub nom. A.J.M. by & through Moreno v. Comissioner of Soc. Sec., No. 1:24-CV-01540 JLT BAM, 2025 WL 472710 (E.D. Cal. Feb. 12, 2025) (IFP denied where employment income was more than double the applicable poverty guideline); Jones v. Comm'r of Soc. Sec., No. 1:19-CV-01049-SAB, 2019 WL 11234222, at *2 (E.D. Cal. Aug. 15, 2019), report and recommendation adopted, No. 1:19-CV-01049-DAD-SAB, 2019 WL 11234224 (E.D. Cal. Oct. 23, 2019) (IFP denied where household income was approximately double the poverty guideline level for a family of two).

---

[1] Plaintiff reports no current expenses for persons dependent on her for support. (ECF No. 4 at 2.)

      Plaintiff's application to proceed in forma pauperis should be denied. However, because plaintiff reported having no money in cash or in a checking or savings account, it would be appropriate for the court to allow plaintiff to commence this case with an initial payment of $50.00 and subsequent monthly installments.

      For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) be denied;

2. Plaintiff be granted leave to satisfy the $350.00 filing fee and $55.00 administrative fee in monthly installments of $50.00 or more, with the first payment due within 14 days of the district court's decision on these findings and recommendations and on the first of each month thereafter;

3. The Clerk of the Court be directed to issue summonses after the first installment is received; and

4. Plaintiff be warned that failure to satisfy the full filing fee according to the payment schedule may result in dismissal under Federal Rule of Civil Procedure 41(b).

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). No objections period is required for IFP denials, see Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), but plaintiff may file written objections to these findings and recommendations within 14 days. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Dated: December 16, 2025

                                             CAROLYN K. DELANEY
                                             UNITED STATES MAGISTRATE JUDGE

8 sess25cv2936.ifp.fr