UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERRIELIN SESSIONS,

Plaintiff,

v.

SOLANO COUNTY HEALTH AND
SOCIAL SERVICES, et al.,

Defendants.

No.  2:25-cv-2936-DAD-CKD (PS)

ORDER

Plaintiff Perrielin Sessions proceeds without counsel and in forma pauperis. This case is referred to the undersigned by Local Rule 302(c)(21) and 28 U.S.C. § 636. Plaintiff's complaint fails to state a claim and must be dismissed. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

1

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The notice pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Factual allegations are accepted as true, but legal conclusions are not. Iqbal, 556 U.S. at 678. To survive screening, a claim must have facial plausibility which requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Id.

II.     **Plaintiff's Allegations**

Plaintiff is the mother to a minor child, P.P. (ECF No. 1 at 1.) Defendants are County of Solano, Solano County Health and Social Services, and various individuals alleged to be CPS agents, county officials, attorneys, law enforcement officers, and judicial officers. (Id. at 1.)

Under the complaint's allegations, plaintiff's son P.P. was removed from her custody on August 17, 2022, "without a warrant, exigent circumstances, or probable cause." (ECF No. 1 at 2.) CPS agent Hill and Officer Santoni coerced plaintiff into surrendering her child based on a presumptive toxicology screen which was never confirmed because the hospital discarded the specimen. (Id.) They defamed plaintiff and falsely labeled her as a "known drug user" and abusive, despite no supporting evidence. (Id.)

CPS relied on old, unsubstantiated reports to terminate plaintiff's rights even though plaintiff refuted the allegations of substance abuse. (ECF No. 1 at 2.) Plaintiff's father was approved for emergency placement but CPS falsified reports to claim he and his wife "backed out." (Id. at 2, 5.) P.P. was placed in six foster homes in less than two years and suffered physical and emotional abuse. (Id.) Plaintiff was denied reunification services, phone contact, access to medical appointments, and therapy sessions. (Id.)

Plaintiff's court-appointed attorneys "coerced her into adopting a false domestic violence narrative" and failed to provide effective representation. (ECF No. 1 at 2, 6.) At a Termination of Parental Rights ("TPR") hearing, defendants misrepresented facts and the court denied fair review, terminating plaintiff's rights in disregard of plaintiff's submitted evidence. (Id. at 2, 6-7.)

2

Plaintiff's advocacy efforts were met with retaliation, suppression, and defamation. (Id. at 2.) She suffered emotional distress, economic harm, and damage to the parent-child bond. (Id.)

Plaintiff brings the following claims under 42 U.S.C. § 1983: Retaliation for Protected Advocacy (First Amendment); Denial of Equal Protection (Fourteenth Amendment); and Monell Pattern and Practice of Official Misconduct. (ECF No. 1 at 3.) The complaint also appears to set forth additional claims for relief in the form of the following "Counts": Unlawful Seizure in violation of the Fourth Amendment; Denial of Procedural Due Process in violation of the Fourteenth Amendment; Denial of Compulsory Process and Judicial Abuse of Discretion; Judicial Contradiction and Arbitrary Termination of Parental Rights. (Id. at 7-9.)

Plaintiff seeks damages and declaratory and injunctive relief, including visitation and/or custody of her minor son. (Id. at 4, 9-10.)

### III.    The Complaint Fails to State a Claim

At the outset, the court cannot grant the relief plaintiff seeks in relation to any child custody orders. Under the Rooker–Feldman doctrine, federal courts lack jurisdiction to exercise appellate review over final state court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). Additionally, the "domestic relations exception" prevents federal courts from exercising jurisdiction in child custody matters, which are generally considered to be state law matters. See Ankenbrandt v. Richards, 504 U.S. 689 (1992); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam). Federal abstention over plaintiff's claims concerning child custody matters is appropriate even though the claims are premised on alleged federal constitutional violations. See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) ("If the constitutional claims in the case have independent merit, the state courts are competent to hear them."). Thus, this court lacks subject matter jurisdiction over plaintiff's claims that arise out of child custody matters and which seek review of, or relief from, or alteration of state court judgments.

In addition, plaintiff's claims for damages against any defendant judges, court staff, and courts are barred by judicial immunity and/or Eleventh Amendment immunity. Suits for money damages against a state court, state agencies, and state officials acting in their official capacities

are barred by the Eleventh Amendment. See Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007); Simmons v. Sacramento County Superior Court, 318 F.3d 1156 (9th Cir. 2003). Absolute judicial immunity is afforded to judges and court staff for acts performed that relate to the judicial process. See In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)).

Further, as a state agency, Solano County Health and Social Services is immune from suit in federal court under the Eleventh Amendment. See Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). In contrast, the Eleventh Amendment does not bar suits against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991).

Plaintiff does not state any claims against state officials in their personal capacities. To state a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff cannot proceed under 42 U.S.C. § 1983 against her court-appointed attorneys regarding the quality of representation. See Polk County v. Dodson, 454 U.S. 312, 317-18, 325 (1981) (an attorney "performing a lawyer's traditional functions" cannot be considered to act under color of state law); Kemper v. County of San Diego, 242 Cal. App. 4th 1075, 1091 (Cal. App. 4 Dist. 2015) (noting a state court habeas corpus petition is the correct vehicle in which to raise an ineffective assistance of counsel claim in a child dependency case). Plaintiff also does not state a Fourth Amendment unlawful seizure claim. "The seizure of [plaintiff's child] does not implicate Plaintiffs' Fourth Amendment rights." McClain v. SBC Sheriff Dep't, No. EDCV-17-1178-CJC-JCG, 2018 WL 6118516, at *3 (C.D. Cal. Jan. 24, 2018); see Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001).

4

To any extent federal abstention does not apply to plaintiff's Fourteenth Amendment claims, the complaint's conclusory allegations fail to state a claim. To state a claim for a violation of procedural due process under 42 U.S.C. §1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). To state an equal protection claim a plaintiff must allege facts demonstrating "intentional unlawful discrimination or… facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998); see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). Plaintiff does not articulate facts suggesting she was treated differently than other similarly situated people. See McCollum v. California Dept. Of Corrections and Rehabilitation, 647 F.3d 870, 880-81 (9th Cir. 2011). Plaintiff does not describe any process that should have been afforded which she was denied, which violated her due process rights. Plaintiff's conclusory allegations about denial of due process and equal protection do not suffice to state a claim.

Plaintiff does not state a retaliation claim, which requires the following: (1) she engaged in constitutionally protected activity; (2) as a result, she was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010); see also Hartman v. Moore, 547 U.S. 250, 256 (2006). Conclusory allegations that plaintiff's advocacy efforts were met with retaliation, suppression, and defamation fail to state a claim.

Finally, having failed to state a claim for an underlying constitutional violation, plaintiff fails to state a Monell claim against the County of Solano. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 685 (1978). A Monell claim cannot survive without an underlying constitutional violation. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam).

////

**IV.    Order**

For the reasons set forth above, the complaint fails to state a claim and must be dismissed. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted leave to amend. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant must be given leave to amend and some notice of its deficiencies unless it is absolutely clear the deficiencies could not be cured by amendment). If plaintiff files an amended complaint, it should be titled "First Amended Complaint" and must be complete by itself without reference to any prior pleading. See Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1.    Plaintiff's complaint is dismissed with leave to amend.

2.    Plaintiff is granted leave to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice within 30 days from the date of service of this order.

3.    Failure to respond to this order will result in a recommendation that this action be dismissed.

Dated:  March 20, 2026

_____

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, sessl25cv2936.scrn