UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIELIN SESSIONS, | No.  2:25-cv-2936-DAD-CKD (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SOLANO COUNTY HEALTH AND SOCIAL SERVICES, et al. | |
| Defendants. | |

Plaintiff Perrielin Sessions proceeds pro se and in forma pauperis. This matter is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint is before the court for screening. For the reasons set forth below, the undersigned recommends dismissal of this action for failure to state a claim.

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

////

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.    Allegations in the Amended Complaint

Plaintiff is the mother to a minor child, P.P., who was removed from plaintiff's custody on or about August 17, 2022. (ECF No. 13 at 2.) At the conclusion of dependency proceedings, plaintiff's parental rights were terminated. (Id.) Defendants are various individuals employed by Solano County Social Services who are alleged to have acted under color of state law. (Id.)

Plaintiff brings seven claims for relief set forth as follows:

(1) Fourteenth Amendment – "Judicial Deception, Fabrication, and Omission of Material Evidence" against defendants Hill, Bouknight, Estrella, and Doe defendants;

(2) Fourteenth Amendment – "Unlawful Interference with Familial Association / Unlawful Removal" against defendants Hill, Lohre, Lopez, Estrella, Bouknight, and Doe defendants;

(3) Fourteenth Amendment – "Procedural Due Process" against all defendants;

(4) Fourteenth Amendment – "Failure to Protect Child in State-Directed Care / Deliberate Indifference" against all defendants;

////

2

(5) Fourteenth Amendment – "Interference with Familial Association through Visitation Burdening and Contact Termination" against defendants Lopez, Estrella, Lohre, Bouknight, and Doe defendants;

(6) Violation of Rights Secured by the Indian Child Welfare Act (ICWA); and

(7) Fourteenth Amendment – "Interference with Relative Placement and Family Integrity" against defendant Estrella and Doe defendants.

(ECF No. 13 at 10-13.) Through this suit, plaintiff seeks damages. (Id. at 14.)

**III.    Discussion**

As the court informed plaintiff when screening the original complaint, federal courts do not have appellate jurisdiction over state courts. See, e.g., Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Under the Rooker–Feldman doctrine, federal courts lack jurisdiction to exercise appellate review over final state court judgments. See id.; Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005).

Plaintiff no longer seeks injunctive relief in the form of relief from a state court judgment in the amended complaint, but her claims for damages which are de facto appeals of the state court judgment are similarly barred. Specifically, plaintiff's claims for damages asserting procedural due process violations in connection with family court proceedings are improper de facto appeals of the state court judgment because they are "inextricably intertwined with the state-court judgment" and can succeed only to the extent the state court wrongly decided the issues before it. See Texaco, Inc. v. Pennzoil Co., 481 U.S. 1, 25 (1987). These claims are barred by the Rooker-Feldman doctrine. See, e.g., Nocitas v. Leal, No. 3:22-CV-5741-TLF, 2023 WL 5206402, at *3 (W.D. Wash. Aug. 14, 2023) (Rooker–Feldman doctrine barred consideration of damages claims alleging constitutional violations in connection with child dependency proceedings where in order to find in the plaintiff's favor, the court would have to review the removal and dependency decisions and find they were wrong); Hanson v. Firmat, 272 Fed. App'x 571, 572 (9th Cir. 2008) (holding the Rooker–Feldman doctrine barred the plaintiff's section 1983 claim alleging due process violations in connection with child custody proceedings).

3

Moreover, to any extent the process was procedurally improper, those issues should have been raised to the state court best situated to address them. Plaintiff does not assert that she could not challenge any procedural shortcomings in the state court proceedings themselves. "Claim preclusion bars litigation of claims that were or could have been raised in a prior action, including claims under § 1983." Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007).

To the extent federal abstention and claim preclusion do not bar plaintiff's claims, the first amended complaint fails to state a claim. The allegations do not state any substantive due process claim under the Fourteenth Amendment or any claim under the Indian Child Welfare Act.

To state a substantive due process claim, a plaintiff must allege "a state actor deprived her of a constitutionally protected life, liberty, or property interest" in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)). The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 848 n.8 (1998); see also Rochin, 342 U.S. at 169. Plaintiff's allegations of bias, concealment, and submission of false reports do not constitute conscience-shocking behavior in this context. See Brees v. HMS Glob. Mar. Inc., 431 F. Supp. 3d 1207, 1218 (W.D. Wash. 2020) (submission of "misleading false witness statements and incident report… to public officials" is not conscience shocking behavior that supports a substantive due process claim). The first amended complaint fails to adequately allege deprivation of a fundamental right by a state actor in a way that shocks the conscience.

Plaintiff also does not state any claim under the Indian Child Welfare Act (ICWA). The ICWA applies to a child custody proceeding, including a termination of parental rights action, where the action concerns an "Indian child." See 25 U.S.C. § 1912; 25 C.F.R. § 23.103(a). ICWA defines an "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4).

////

4

Plaintiff alleges she "made Indian heritage known" and gave defendants "a strong reason to believe and potentially a reason to know that ICWA-related inquiry and notice duties were implicated," but defendants failed to ensure accurate and complete inquiry and notice. (ECF No. 13 at 6-7.) Plaintiff also alleges a report acknowledged the child's "maternal grandfather confirmed he was a registered Indian." (Id. at 7.) These allegations are insufficient to demonstrate the ICWA applied to plaintiff's minor child. See Hawkings v. Sacramento Cnty. Dep't of Child & Fam. Adult Servs., No. 220-CV-0156 DAD DB PS, 2023 WL 316569, at *3 (E.D. Cal. Jan. 19, 2023), report and recommendation adopted, No. 2:20-CV-0156 KJM DB PS, 2023 WL 5956845 (E.D. Cal. Sept. 13, 2023), aff'd sub nom. Hawkins v. Sacramento Cnty. Dep't of Child, No. 23-16221, 2025 WL 586364 (9th Cir. Feb. 24, 2025) (allegations of Indian heritage and a grandparent who is a member of a tribe were insufficient to invoke the ICWA); Primeaux v. Cnty. of Solano, No. 2:25-CV-3139-DC-JDP (PS), 2026 WL 632525, at *3 (E.D. Cal. Mar. 6, 2026), report and recommendation adopted sub nom. Curtis Daniel Primeaux & Perrielin Sessions v. Cnty. of Solano, No. 2:25-CV-3139-DC-JDP (PS), 2026 WL 825626 (E.D. Cal. Mar. 25, 2026) (a complaint fails to allege violations of the ICWA if it does not allege facts that, if true, would establish the child at issue is Native American).

### IV.    Conclusion, Order, and Recommendation

For the reasons set forth above, the first amended complaint fails to state a claim upon which relief can be granted. The court previously advised plaintiff of the deficiencies in the claims she seeks to bring arising out of the underlying events and omissions. (ECF No. 12.) It now clearly appears that granting further leave to amend would be futile. Thus, the amended complaint should be dismissed without further leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility).

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  This action be dismissed without further leave to amend for failure to state a claim.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 26, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sess25cv2936.scrn.fac.fr

6