UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERRIELIN SESSIONS,

Plaintiff,

v.

SOLANO COUNTY HEALTH AND SOCIAL SERVICES, et al.,

Defendants.

No. 2:25-cv-02936-DAD-CKD (PS)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND

(Doc. No. 14)

Plaintiff initiated this civil action by filing a complaint on October 10, 2025, and proceeds *pro se* and *in forma pauperis*. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On March 30, 2026, the assigned magistrate judge screened plaintiff's complaint, determined it to be deficient, and directed plaintiff to file an amended complaint curing the noted pleading deficiencies within thirty (30) days of the service of that order. (Doc. No. 12.) On April 17, 2026, plaintiff filed a first amended complaint. (Doc. No. 13.) On June 26, 2026, the magistrate screened the first amended complaint and again found it to be deficient as a *de facto* appeal from the state court judgment entered in connection with family court proceedings that was barred by application of the *Rooker–Feldman* doctrine, and for failure to state a cognizable federal claim. (Doc. No. 14 at 3–5.) In addition, the magistrate judge found that the granting of

further leave to amend would be futile given the nature of the pleading defects and the fact that plaintiff had been unable to cure the pleading deficiencies of the original complaint noted by the court. (*Id.* at 5.) Accordingly, the magistrate judge recommended that plaintiff's first amended complaint be dismissed without further leave to amend. (*Id.*)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 6.) On July 8, 2026, plaintiff filed lengthy objections to the findings and recommendations. (Doc. No. 15.) Plaintiff contends that her complaint in this action does not seek appellate review of the state court judgment but instead seeks the award of damages against the named defendants in connection with their alleged misconduct in those underlying state court proceedings. (*Id.*) The argument is unpersuasive – plaintiff's remedy for any claimed misconduct or errors committed in those juvenile court proceedings is by way of appeal in the state courts. *See Gambill v. Kentucky Court of Appeals*, No. 7:09–CV–130–KKC, 2009 WL 4547582, at *2 (E.D. Ky. Nov. 30, 2009) (Plaintiff's "remedy was and is not to file a civil rights lawsuit in federal court. Rather, he must pursue appeals in the State Court . . . and then on to the Supreme Court of the United States.") In short, no argument presented in plaintiff's objections provides a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued June 26, 2026 (Doc. No. 14), are adopted in full;

/////

/////

/////

/////

/////

2. This action is dismissed without further leave to amend due to plaintiff's failure to state a cognizable claim; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE